Macomber, J.
The New York terminus of the plaintiff’s railroad is at the Grand Central Depot in the city of Hew York.
The company holds a lease from the Harlem railroad of that portion of the depot which abuts on Forty-second street. The evidence shows that the defendant who has been engaged in the express business for many years, had, prior *168 to the erection, of a new building or annex in 1884, used for some time the sills or ledges in front of the plaintiff’s baggage-room as desks or counters on which to place his order book and occasionally small articles of hand baggage. After the completion of the new structure or annex, he had for about two years used the corresponding sills until he was notified not to do so any longer, whereupon he immediately desisted.
There being no controversy over this portion of the claim made by the plaintiff, the trial court granted its perpetual injunction as by the complaint prayed, restraining the defendant from further use of such ledges or sills, but denied the plaintiff’s application for an injunction to restrain the defendant from carrying on his business in Forty-second street at a place or places where the plaintiff’s leasehold premises abut. By the evidence, and particularly by the diagram, exhibit C, it appears that there is a space between the enclosure of the plaintiff’s leasehold premises and a line south thereof, called a building fine. If the plaintiff actually owned or held under a lease this unclosed space, it could hardly be reasonably claimed that the defendant would have any right to carry on his business thereon. The lease, therefore, in our judgment, turns upon the question of fact, whether the plaintiff is entitled, as owner or lessee, to the exclusive use of this space.
By the ninth finding of fact made by the learned trial judge, it is found that the pavement together with the bridge stones, which lay upon and across Fourth avenue on the northerly side of Forty-second street adjoining the baggage rooms, remained as they were before that portion of Fourth avenue was closed up by the depot buildings. The testimony of George F. Boulard, as adduced upon his cross-examination by the plaintiff’s counsel, clearly shows that this space lies" wholly between the eastern line and the western line of Fourth avenue before the annex was made. It is further seen that it was paved like the roadway of any street up.to the depot. It was crossed by cross-walks like other streets. It was further decided by the special term, under substantially undisputed testimony, that it remains as it has been for many years, as a part of Fourth avenue.
By chapter 919 of the Laws of 1869, the New York and Harlem Railroad Company were authorized in the construction of their new passenger depot, to use that part of Fourth avenue lying between the westerly side of Fourth avenue and a line drawn parallel thereto at a distance of fifty feet westerly from the easterly side of Fourth avenue and extending from the northerly .side of Forty-second street to the southerly side of Forty-fifth street. By chap-261 of the Laws of 1884, the same company was authorized to *169 enlarge the passenger depot by extending-the same over an additional portion of Fourth avenue; but in both statutes the southerly boundary is the northerly side of Forty-second street.
As the learned trial judge well points out in his opinion, in both statutes, the southerly boundary is the northerly side of Forty-second street.
The statutes give the New York and Harlem Eailroad Company the right to occupy the portion of Fourth avenue as far south as the northerly line of Forty-second street. That is, that company has the right to use that portion of Fourth avenue if it wished to do so. But assuming the building line in front of the baggage room to be correctly designated on the diagram, exhibit C, it is obvious that the New York and Harlem Eailroad Company has never occupied that space. That space was a part of the roadway of Fourth avenue which the said company was authorized to use in building its depot. Until the New York and Harlem Eailroad Company does use it, that space remains a part of Fourth avenue, as it was before the new depot or annex was built.
It follows, therefore, that the plaintiff, having neither the right of property nor right of possession to this open space, was not entitled to an injunction restraining the defendant from carrying on his transfer baggage business, provided he conducted it in the usual and ordinary manner, and under proper authorization of the city of New York. But it is shown further that the defendant has received from the city proper license to conduct his business in this place, and hence it is that the plaintiff could not maintain the action for further relief against him unless it is able to show, which clearly has not been done in this case, that its rights as an abutting owner upon the street have been disturbed, and that it has suffered special damage by reason of obstruction thereto by the defendant.
The fortieth finding of fact of the trial court is to the effect that the defendant’s business, as he' has conducted it has not in any way interfered with the plaintiff in the transaction of its business, and has not obstructed the free use of the premises abutting upon Forty-second street or Fourth avenue or elsewhere, nor has it impeded public use of the street and avenue in the vicinity of the depot. An examination of the evidence shows that this finding of fact is fully sustained. Indeed any other conclusion could not stand under the weight of the evidence.
The judgment should be affirmed, with costs.
Van Brunt, P. J., and Bartlett, J., concur.